**FLORIDA MACHINE & FOUNDRY, INC., Petitioner,**

**v.**

**OSHRC, United Steelworkers of America, AFL–CIO, and Local Union 8115, 36, Respondents,**

**Raymond J. Donovan, Secretary of Labor, Additional Respondent.**

**No. 81–6110.**

United States Court of Appeals, Eleventh Circuit.

Dec. 6, 1982.

Michael K. Grogan, Jacksonville, Fla., for petitioner.

Edward G. Hoban, Laura V. Fargas, Allen H. Feldman, James E. Culp, Washington, D.C., for respondents.

Before VANCE and JOHNSON, Circuit Judges, and ALLGOOD,* District Judge.

VANCE, Circuit Judge:

█ This is a petition for review of a final order of the Occupational Safety and Health Review Commission refusing discretionary review and enforcing a decision of the administrative law judge. The decision adjudged petitioner, Florida Machine & Foundry, Inc. guilty of two repeat violations of 19 C.F.R. § 1910.133(a)(1) for failure to provide face shields to two employees who were working with molten metal in petitioner's foundry operation. Petitioner was fined $180.00.

The regulation provides in pertinent part: Protective eye and face equipment shall be required where there is a reasonable probability of injury that can be prevented by such equipment.

Subject to one exception a standard of this generality requires only those protective measures which the employers' industry would deem appropriate under the circumstances. *S & H Riggers & Erectors, Inc. v. OSHRC,* 659 F.2d 1273, 1275 (5th Cir. 1981); *Cotter & Company v. OSHRC,* 598 F.2d 911, 913–14 (5th Cir. 1979); *B & B Insulation, Inc. v. OSHRC,* 583 F.2d 1364, 1370–72 (5th Cir. 1978).[1] The exception imposes a further requirement in cases where, although his conduct conforms to the practices of the industry, the employer has actual knowledge that a hazard requires the use of some other or additional personal protective equipment. *Owens-Corning Fiberglass Corp. v. Donovan,* 659 F.2d 1285, 1288 (5th Cir. 1981).[2]

█ The administrative law judge found, and it is not disputed, that the custom and practice in the industry is to require that metal pourers wear eye protection and that full face shields be provided for use at the option and upon request of the employees. The administrative law judge also found (1) that all of petitioners' employees wear eye goggles and side shields while pouring metal, (2) that the announced company policy was to provide full face shields at the option and on the request of the pourers, (3) that all of its pourers except two were wearing full face shields on the occasion of the OSHA inspection, (4) that the two, Sutton and Harris, had made numerous requests for shields, but (4) that shields were not furnished to them. Petitioner disputes that Sutton and Harris had repeatedly requested shields and not been furnished them. Their testimony, however, was credited by the administrative law judge and it amply supports his contrary finding.

Our responsibility is to determine whether the decision below is supported by substantial evidence in the record as a whole and is in accordance with law. *Horne Plumbing & Heating Co. v. OSHRC,* 528 F.2d 564, 567 (5th Cir. 1976). In this case substantial evidence clearly supports the decision below.

Much of petitioner's argument is directed toward the following statement in the administrative law judge's decision: "Having failed to voluntarily make the shields available to all employees who desired them, respondent can hardly complain that they are made mandatory." Petitioner's concern is obviously heightened by the persistence of the Commission and the Secretary in declining to follow fifth circuit decisions. *See S & H Riggers & Erectors, Inc. v. OSHRC,* 659 F.2d at 1278. Fifth Circuit precedents cited above establish the law of this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc). Notwithstanding the curiously ambiguous

* Honorable Clarence W. Allgood, U. S. District Judge for the Northern District of Alabama, sitting by designation.

1. Specifically involved in the cited cases were 29 C.F.R. §§ 1926.28(a) and 1910.132(a).

2. The exception does not apply in this case because there was no finding below that the employer had actual knowledge that the hazard from flying sparks required protection exceeding that provided by conformance to industry custom.

statement of the administrative law judge, he made unambiguous findings that establish violations even under petitioner's correct view of the law of this circuit.

AFFIRMED.